UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SCOTT DWAYNE JENKINS**                                                **CIVIL ACTION**

**VERSUS**                                                                       **NO: 21-786**

**KILOLO KIJAKAZI, ACTING**                                          **SECTION "S" (3)**
**COMMISSIONER OF SOCIAL SECURITY**

REPORT AND RECOMMENDATION

Plaintiff Scott Dwayne Jenkins brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. §405(g), for judicial review of the final decision of the Commissioner denying his claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income payments ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 423, *et seq*. The matter has been fully briefed on cross-motions for summary judgment. The issues are thus ripe for review. For the following reason, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, the Commissioner's cross-motion be **GRANTED**, and Plaintiff's case be **DISMISSED WITH PREJUDICE**.

**I.     BACKGROUND**

Plaintiff filed his applications for DIB and SSI on May 21, 2019, alleging a disability onset date of September 2, 2018. (Rec. Doc. No. 14, p. 15). Plaintiff alleged disability due to "heart problems and blood pressure issues." (Rec. Doc. No. 20-2, p. 3). The Social Security Commissioner denied the claim administratively on October 31, 2019, and upon reconsideration on February 27, 2020. (Rec. Doc. No. 14, p. 15). Plaintiff requested a hearing on March 3, 2020, and a telephone hearing was held on September 8, 2020, before an administrative law judge ("ALJ"). *Id*. At the telephone hearing, Plaintiff appeared and testified along with counsel. *Id*. A

1

vocational expert also testified. *Id*. The ALJ issued a decision denying the claim on September 30, 2020. *Id*. at 25. At the time of the decision, Plaintiff was forty-five years old with a tenth-grade education and past work experience as a forklift driver and a house framer. *Id*. at 35-36.

The ALJ applied the five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v).[1] In relevant part, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since September 2, 2018, the alleged onset date. (Rec. Doc. No. 14, p. 17). The ALJ determined that Plaintiff had the following severe impairments: coronary artery disease with acute infarction, ischemia, and syncope. *Id*. Next, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments to qualify for presumptive disability. *Id*. at 19. The ALJ then concluded that the Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following parameters:

> [L]ifting and carrying up to 20 pounds occasionally and up to 10 pounds frequently, standing and walking for 20-minute intervals up to 2 hours in an 8-hour workday, and sitting for 2-hour intervals up to 6 hours in an 8-hour workday. He can push and pull within the range of 10-to-20 pounds. The claimant can occasionally stoop, but should avoid climbing ladders, crouching, kneeling, crawling, heights, hazardous machinery, and commercial driving. The claimant would be absent from work one day per month every two months due to symptoms and or a need for treatment.

(Rec. Doc. No. 14, p. 20). The ALJ next concluded that Plaintiff is unable to perform any past relevant work. *Id*. at 23. Finally, with the assistance of the vocational expert, the ALJ concluded that considering the Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff is capable of performing, including lens block gauger, tube operator, and document preparer. *Id*. at 24. Thus, the ALJ determined the Plaintiff

---

[1] *See also* Section III. Entitlement to Benefits Under the Act, *infra* pp. 4-5.

was not disabled as defined in the Act.

The Appeals Council denied the request for review on February 11, 2021, making the ALJ's decision the final decision of the Commissioner for judicial review. (Rec. Doc. No. 20-2, p. 4).

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992).

Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey*, 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence existed to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.   ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled only if a physical or mental impairment is so severe that the claimant is unable to do not only his previous work, but cannot, considering age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if she or he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make a disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV.   ISSUES ON APPEAL

Plaintiff raises the following issue on appeal:

(1) Whether the ALJ's RFC determination is supported by substantial evidence and/or premised on legal error where the ALJ purportedly failed to properly evaluate medical opinion evidence.

## V.   ANALYSIS

### 1. Whether the ALJ's RFC determination is supported by substantial evidence and/or premised on legal error where the ALJ purportedly failed to properly evaluate medical opinion evidence

Plaintiff contends that the RFC determination is not supported by substantial evidence and is the product of legal error because the ALJ failed to properly evaluate the opinion of treating physician, Bruce Iteld, M.D. (Rec. Doc. No. 20-1, p. 4). Plaintiff argues that the rejection of Dr. Iteld's opinion does not comport with the mandates and regulations of the Fifth Circuit, specifically arguing that the regulations require the ALJ to explain his findings regarding the supportability and consistency for each of the medical opinions. *Id*. at 6. Plaintiff alleges the ALJ fails to do so here and instead "merely provided a conclusion in the guise of analysis." *Id*. Plaintiff further contends that Dr. Iteld's opinion is well supported by his own treatment of Plaintiff's heart impairments, and that his past treatment constitutes more than isolated, conclusory statements. *Id*. at 7. Plaintiff argues that because Dr. Iteld's opinion is consistent with the evidence, it is improper for the ALJ to reject his opinion as being unsupported. *Id*. Further, Plaintiff argues that Dr. Iteld's opinion is consistent with objective findings in the record, pointing to various diagnostic and laboratory tests. *Id*. at 8. Plaintiff also notes that Dr. Iteld's opinion that Plaintiff would be absent from work was not conclusory or vague, as articulated by the ALJ. *Id*. Rather, Plaintiff points to "consistent reports of fatigue and chest pain, coupled with multiple hospitalizations" to suggest the opinion was far from conclusory. *Id*. at 9. Finally, Plaintiff argues that the ALJ's failure to

properly evaluate the opinion of Dr. Iteld was harmful error, and if properly credited, the limitations identified by Dr. Iteld would preclude sustained work activity, and Plaintiff would be unable to meet the standards for employment. *Id*. at 10.

The Commissioner contends that substantial evidence supports the finding that Plaintiff retained the RFC to perform sedentary work. (Rec. Doc. No. 21, p. 4). The Commissioner argues that the ALJ properly explained the reasons to discount Dr. Iteld's opinion pursuant to the revised agency regulations. *Id*. at 7. The Commissioner argues that Dr. Iteld's opinion was a "check-the-box" questionnaire, the type of brief and conclusory statements that an ALJ has cause to disregard. *Id*. The Commissioner notes that despite Plaintiff's subjective complaints, physical examinations with Dr. Iteld consistently showed Plaintiff was well developed and well nourished, appeared alert and in no distress, had normal cardio-heart examinations, showed no cyanosis, clubbing or edema, no evidence of venous insufficiencies, and his pulses were full bilaterally. *Id*. at 8. Further, the Commissioner argues that the failure of Plaintiff to take his prescribed medication contributed to any impairments, and that Plaintiff continued to smoke cigarettes despite recommendations to stop doing so. *Id*. The Commissioner further notes that restrictions incorporated by Dr. Iteld were inconsistent with Plaintiff's own hearing testimony. *Id*. at 10. Accordingly, the Commissioner contends that there is no merit to the claim that the ALJ should have accepted treating physician opinion as persuasive in its entirety, that it is the role of the ALJ to interpret the medical evidence and establish the RFC, and that the ALJ has properly done so here, such that the RFC determination is supported by substantial evidence. *Id*. at 11.

At the outset, the Court notes that the regulations provide that for claims filed on March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including

those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (2017); *Winston v. Berryhill*, 755 Fed. Appx. 395, 402 n. 4 (5th Cir. 2018). Here, Plaintiff filed his application on May 21, 2019.

These regulations no longer mandate particularized procedures in consideration of opinions from treating sources. Rather, the ALJ should use the following five factors to determine the persuasiveness of the medical opinions or prior administrative medical findings: (1) supportability; (2) consistency; (3) relationship with the claimant, including length of relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) other factors. 20 C.F.R. §§404.1520(a)-(c), 416.920c(a)-(c) (2017); *Liguez v. Kijakazi*, 2021 WL 4943321 at *6 (N.D. Tex. Aug. 11, 2021).

The two most important factors in determining the persuasiveness of a medical opinion or prior administrative medical finding are supportability and consistency, and the ALJ must explain how he considered those factors. *Id*. The ALJ may, but is generally not required to, explain how he considered the remaining factors, unless there is also a determination that two or more medical opinions or prior administrative medical findings concerning the same issue are equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). Additionally, the ALJ will consider one or more medical opinions or prior administrative medical findings from the same medical source using the above factors and is not required to articulate how he considered each opinion or finding. *Id*. §§ 404.1520c(b)(1), 404.1520c(b)(1) (2017).

Although the ALJ is not required to articulate how he or she considered each and every medical opinion contained in a medical source statement from a given medical provider, the ALJ must still provide some explanation for rejecting a medical opinion of record. *See Loza v. Apfel*,

219 F.3d 378, 395 (5th Cir. 2000); *see also Price v. Astrue*, 401 Fed. App'x 985, 987 (5th Cir. 2010) (per curiam) (Although the ALJ does not need to comment on every piece of evidence, he must still "build an accurate and logical bridge between the evidence and the final determination.").

Here, in reviewing the medical opinion evidence, the ALJ analyzed Dr. Iteld's opinion as follows:

> On June 10, 2020, Dr. Bruce Iteld, the claimant's cardiologist, completed a "Physical Assessment" form supplied by the claimant's representative (Exh. B11F). Dr. Iteld indicated that the claimant could stand and walk for "0" hours in an 8-hour workday and lift less than 10 pounds occasionally. Said restrictions are not consistent with the claimant's testimony during the hearing that he could lift up to 80 pounds and stand for 15-to-20 minutes. Moreover, Dr. Iteld did not support his functional restrictions with specific clinical or diagnostic medical facts and findings. Notably, the month after Dr. Iteld completed the "Physical Assessment," the claimant underwent a nuclear stress test that showed normal perfusion findings and no indication of ischemia or myocardial injury (Exh. B13F/33). The extent of Dr. Iteld's restrictions is not consistent with objective testing findings of record.
> 
> At the end of the statement, Dr. Iteld opined that the claimant would be absent from work more than four times per month (Exh. B11F). The undersigned finds said opinion is not persuasive because it is conclusory, vague, and without reference to corresponding medical findings. Dr. Iteld's conclusion is inconsistent with evidence showing resolution of pain complaints after RCA stenting in June 2019 and the very recent nuclear test showing normal myocardial perfusion without ischemia, as discussed above. Significantly, Dr. Iteld did not address the significant issue of noncompliance, which is well documented in his clinic notes. The claimant continued to smoke despite medical advice to stop and persistent elevation of cholesterol levels on laboratory testing demonstrated that he was not taking the statin medication, as prescribed. Dr. Iteld did not acknowledge the noncompliance in his opinion statement nor did he address the effects of noncompliance on his overall treatment plan or the claimant's functioning.

(Rec. Doc. No. 14, pp. 22-23). The ALJ made further references to Dr. Iteld throughout the opinion, noting that Plaintiff most recently required medical care for an episode of syncope in July 2020 that was attributed to orthostatic hypotension, but that Dr. Iteld noted the episode was "likely" due to a recent dosage increase of Ranexa, that he then adjusted downwards from 1000 milligrams to 500 milligrams. *Id*. at 21. The ALJ also noted that "medical evidence demonstrates repeated noncompliance with follow-up visits and medication throughout the period at issue. June 2019

records from Dr. Iteld indicate that he was seeing the claimant for the first time since May 2017." *Id*. at 22. Furthermore, "[l]ater cardiology reports pertaining [to] 2019 and 2020 include remarks from Dr. Iteld that the claimant had not been taking Lipitor, as directed," and that "[c]ompliance with statin medication was stressed," but "two months later, Dr. Iteld reported persistent elevation of LDL cholesterol of greater than 200, indicating ongoing noncompliance with statin medication." *Id*.

Here, it is clear that the ALJ followed the revised regulations correctly when evaluating the medical opinion evidence. The analysis outlined in full above illustrates that the ALJ did not find Dr. Iteld's "Physical Assessment" form nor his opinion that Plaintiff would be absent from work more than four times per month to be persuasive. The ALJ specifically identified inconsistencies and areas in which the opinion was unsupported. For example, the ALJ referenced Plaintiff's own hearing testimony in which he stated that he could pick up eighty pounds, comfortably lift and carry twenty pounds, and could stand for fifteen to twenty minutes before needing to sit down. (Rec. Doc. No. 14, pp. 37-38). The ALJ further noted objective medical findings, such as the results of the nuclear stress test identifying no indication of ischemia or myocardial injury. *Id*. at 22. Furthermore, the ALJ noted that Dr. Iteld's opinion was not consistent with evidence that showed many complaints of pain were resolved by June 2019, and that the most recent issues noted in 2020 were likely the result of a recent dosage increase that has since been adjusted. *Id*. at 21.

Finally, the ALJ raised the issue of Plaintiff's noncompliance in finding Dr. Iteld's opinion unpersuasive. Although the records provide ample evidence of Plaintiff's failure to comply with medical advice, specifically advice from Dr. Iteld, he provided no explanation for how Plaintiff's noncompliance affected his treatment and symptoms. *Id*. at 22. Accordingly, the ALJ correctly followed the revised regulations in finding Dr. Iteld's opinion unpersuasive and there was no error.

The Fifth Circuit has long held that, "[t]he ALJ is free to reject the opinion of any physician where the evidence supports a contrary conclusion." *Hollinger v. Kijakazii*, 857 Fed.Appx. 213, 214 (5th Cir. 2021) (quoting *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995)).

Furthermore, the ALJ rightfully considered Plaintiff's repeated non-compliance with medical advice and medication, including not taking prescription medication and continuing to smoke cigarettes despite repeated recommendations to stop. (*See* Rec. Doc. No. 14, p. 22). "An ALJ is entitled to consider noncompliance with prescribed medical treatment as a factor in the overall disability determination." *Benson v. Saul*, No. 3:20-CV-1974-E-BH, 2022 WL 868706, at *11 (N.D. Tex. Mar. 8, 2022) (citing *Luzenia K. v. Saul*, No. 3:19-CV-01006-BT, 2020 WL 2574933, at *6 (N.D. Tex. May 20, 2020) (citations omitted); *see also Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) ("A claimant's non-compliance with treatment is a proper factor for the ALJ to consider in assessing credibility."). Failure to follow prescribed treatment is relevant in determining whether disability exists and is an indication of nondisability. *See* 20 C.F.R. §§ 404.1530, 416.930 ("In order to get benefits, you must follow treatment prescribed by your medical source(s) if this treatment is expected to restore your ability to work… If you do not follow the prescribed treatment without a good reason, we will not find you disabled."). The record contains ample evidence that Plaintiff did not comply with the treatment regimen provided by Dr. Iteld.

Conflicts in the evidence, including those arising from medical opinions, are to be resolved by the Commissioner, not the courts. *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987). It is not this Court's place to substitute its judgment for that of the Commissioner. *See Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (per curiam). An ALJ's RFC determination is entitled to considerable deference. *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991). Here, the ALJ

properly evaluated the medical opinion evidence, and the RFC is supported by substantial evidence.

I.   **CONCLUSION**

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, the Commissioner's cross-motion be **GRANTED**, and Plaintiff's case be **DISMISSED WITH PREJUDICE.**

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 5th day of August, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**