UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCOTT DWAYNE JENKINS                     CIVIL ACTION

VERSUS                                   NO: 21–786

KILOLO KIJAKAZI, ACTING                  SECTION: "S" (3)
COMMISSIONER OF SOCIAL
SECURITY

ORDER AND REASONS

IT IS HEREBY ORDERED that plaintiff's **Objections to the Report and Recommendation of the Magistrate Judge** (Rec. Doc. 23) are **OVERRULED**, and the Report and Recommendation to deny the plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and dismiss plaintiff's claims is hereby **ADOPTED** in its entirety;

IT IS FURTHER ORDERED that the Commissioner's decision is **AFFIRMED**.

BACKGROUND

Plaintiff Scott Dwayne Jenkins appeals the final decision of the Commissioner of Social Security ("Commissioner") denying his claims for disability and disability insurance benefits and supplemental security income payments. The Administrative Law Judge ("ALJ") determined that considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Decision, Rec. Doc. 14, ¶ 9 (citing 20 C.F.R. 404.1569, 404.1569 (a), 404.969, and 416.969(a)). Accordingly, the ALJ determined that plaintiff had not been under a disability as defined by the

Social Security Act ("the Act") from September 2, 2018 through the date of decision, September 30, 2020. Id. (citing 20 C.F.R. 404.1529(g) and 416.920(g)). A subsequent request for review to the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner for judicial review. Following an appeal to the district court and automatic referral to the Magistrate Judge, the Magistrate Judge determined that there was substantial evidence in the record to support the final decision of the Commissioner, and recommended dismissal of plaintiff's claims.

Plaintiff has filed the instant objections to that ruling, arguing that the ALJ's decision is not supported by substantial evidence, and that the final decision failed to comply with applicable law and regulations.

## STANDARDS OF REVIEW

*Magistrate Judge's Report and Recommendation*

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. Plain error review applies to any unobjected-to findings. See Douglass v. United Serv. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir.1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

*Commissioner's Final Decision*

A district court's review of a final decision of the Commissioner under 42 U.S.C. 405(g)

is limited to "whether (1) the decision is supported by substantial evidence and (2) proper legal standards were used to evaluate the evidence." Martinez v. Chater, 64 F.3d 172, 173 (5th Cir. 1995); Austin v. Shalala, 994 F.2d 1170, 1174 (5th Cir. 1993). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Coastal Production Serv. Inc. v. Hudson, 555 F.3d 426, 430 (5th Cir. 2009). "The court does not reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commisioner's decision." Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000). The Commissioner, rather than the courts, must resolve conflicts in the evidence. Id. The ALJ is entitled to make any finding that is supported by substantial evidence, regardless whether other conclusions are also permissible. See Arkansas v. Oklahoma, 503 U.S. 91 (1992).

## DISCUSSION

Plaintiff seeks disability and social security benefits based upon his heart condition, which he alleges renders him disabled within the meaning of the Act. Plaintiff objects to what he characterizes as the ALJ's improper rejection of the opinion of his cardiologist, Dr. Bruce J. Iteld.

In evaluating the opinion of a treating physician, the ALJ considers the examining relationship, the treatment relationship, supportability, consistency with the record, specialization, and other factors. 20 C.F.R. § 404.1527(c). In this case, the ALJ, applying the required framework, specifically identified inconsistencies in Dr. Iteld's opinion with plaintiff's testimony and the objective medical evidence, and areas in which Dr. Iteld's opinion was

unsupported. The medical records from Dr. Iteld include a form in which Dr. Iteld concludes that plaintiff's impairments associated with his heart condition are frequently severe enough to interfere with the ability to perform simple tasks, that typical lunch and work breaks would not be sufficient for him, that he can sit for nor more than six hours a day and walk for zero, that he can occasionally lift less than ten pounds, but never more, and that his impairments would require him to be absent from work more than four times a month.

The ALJ determined that these conclusions, contained in a "check-the-box" form, were inconsistent with and not supported by other objective record evidence, specifically, that plaintiff testified that he could lift up to 80 pounds and stand for 15-20 minutes, and that a month after the form was completed, plaintiff underwent a nuclear stress test that showed normal findings and no indication of ischemia or myocardial injury. The ALJ also determined that Dr. Iteld's opinion was inconsistent with evidence reflecting that plaintiff experienced pain relief after a 2019 stent procedure, and the opinion did not address plaintiff's non-compliance with his physician's orders, including plaintiff's refusal to take statin medications and his continuing to smoke.

In his Objections, plaintiff complains that the ALJ's analysis "ignored the seemingly probative objective evidence that was consistent with [Dr. Iteld's] opinion," i.e., Dr. Iteld's treatment notes. Plaintiff also argues that the ALJ failed to include support for his finding that Dr. Iteld's opinion that plaintiff would be absent from work four times a month was conclusory, vague, and without reference to corresponding findings. However, the ALJ explicitly stated Dr. Iteld's opinion regarding anticipated work absences was inconsistent with both the evidence that plaintiff's pain symptoms resolved following the stent, and the stress test result of normal

myocardial perfusion without ischemia. The ALJ also found significant plaintiff's well-documented non-compliance with medical advice.

Plaintiff's arguments are essentially a request that this court resolve perceived evidentiary conflicts. However, that is the province of the Commissioner, not the court, which is not permitted to re-weigh the evidence in the record or substitute its judgment for the Commissioner. The court's review is limited to determining whether the decision is supported by substantial evidence and whether the evidence was evaluated under proper legal standards. Martinez, 64 F.3d at 173. The court has conducted a de novo review of the portions of the Magistrate Judge's Report and Recommendation to which Objections have been submitted. As set forth above, and in accordance with the detailed and cogent reasoning in the Magistrate Judge's Report and Recommendation which the court incorporates by reference, the court finds that the Commissioner's final decision is supported by substantial evidence evaluated under the appropriate standards. The court further finds no plain error in the Magistrate Judge's other findings. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Objections to the Report and Recommendation of the Magistrate Judge** (Rec. Doc. 23) are **OVERRULED**, and the Report and Recommendation to deny the plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and dismiss plaintiff's claims is hereby **ADOPTED** in its entirety;

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.

New Orleans, Louisiana, this __13th__ day of September, 2022.

                         **MARY ANN VIAL LEMMON**
                       **UNITED STATES DISTRICT JUDGE**